UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| CHARLES R. GREEN, | ) | |
| Petitioner, | ) | 2: 10-CV-0898-JCM-RJJ |
| vs. | ) | |
| WILLIAMS, et al, | ) | **ORDER** |
| Respondents. | ) | |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. The court has conducted a preliminary review of the petition and has concluded that it must be dismissed for failure to state a claim upon which relief can be granted.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d), provides the legal standard for the court's consideration of this habeas petition:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an

1         unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2

3         (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

4

5         The AEDPA "modified a federal habeas court's role in reviewing state prisoner

6 applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are

7 given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002).  A state

8 court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28

9 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the

10 Supreme Court's] cases" or "if the state court confronts a set of facts that are materially

11 indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result

12 different from [the Supreme Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003)

13 (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685,

14 694 (2002)).

15         A state court decision is an unreasonable application of clearly established Supreme

16 Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct

17 governing legal principle from [the Supreme Court's] decisions but unreasonably applies that

18 principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams*,

19 529 U.S. at 413).  The "unreasonable application" clause requires the state court decision to be more

20 than merely incorrect or erroneous; the state court's application of clearly established federal law

21 must be objectively unreasonable.  *Id.* (quoting *Williams*, 529 U.S. at 409).

22         In determining whether a state court decision is contrary to, or an unreasonable

23 application of federal law, this court looks to the state courts' last reasoned decision.  *See Ylst v.*

24 *Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th

25 Cir. 2000), *cert. denied*, 534 U.S. 944 (2001).

26         The United States Supreme Court, in *Tollett v. Henderson*, 411 U.S. 258, 93 S.Ct.

1602 (1973), held that when "a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Thus, by pleading guilty, a defendant waives the right to a jury trial, to confront one's accusers, to compel the attendance of witnesses, and generally to challenge the evidence that he committed the offense. *See Boykin*, 395 U.S. 238, 89 S.Ct. 1709 (1969). Typically, one who enters a valid guilty plea, cannot on habeas corpus challenge pre-plea constitutional violations. *Tollett*, 411 U.S. at 266-67, 93 S.Ct. 1602 (1973); *see also Moran v. Godinez*, 57 F.3d 690, 700 (9th Cir.1994) ("As a general rule, one who voluntarily pleads guilty to a criminal charge may not subsequently seek federal habeas relief on the basis of pre-plea constitutional violations"). Such a petitioner may only contend that his guilty plea was not voluntary and intelligent (*see e.g., Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366, 369 (1985); *Boykin v. Alabama*, 395 U.S. 238, 242-43, 89 S.Ct. 1709, 1711-12 (1969)) or challenge the assistance of counsel under the Sixth Amendment. *See, e.g., McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449 (1970); *Tollett*, 411 U.S. at 267, 93 S.Ct. at 1608; *Hudson*, 760 F.2d at 1030.

In the instant case, petitioner raises three grounds for relief, each of which concern events which occurred prior to the submission of petitioner's guilty plea. Under the authorities discussed above, petitioner is precluded from raising these issues in a federal petition for writ of habeas corpus.

**IT IS THEREFORE ORDERED** that this petition for writ of habeas corpus is **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted. The clerk of the court is directed to enter judgment accordingly and to close this case.

DATED this 14th day of July, 2010.

_____
UNITED STATES DISTRICT JUDGE